J-S22040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CAROL JACKSON | : | |
| | : | |
| Appellant | : | No. 1198 WDA 2023 |

Appeal from the PCRA Order Entered September 8, 2023
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001488-2017,
CP-63-CR-0002090-2020, CP-63-CR-0002412-2016

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: AUGUST 8, 2024**

Appellant, Carol Jackson, appeals *pro se* from the post-conviction court's orders, entered in three separate cases, denying her petitions filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The facts underlying Appellant's convictions are not pertinent to our disposition of her appeal. The Commonwealth summarizes the procedural history of her cases, as follows:

> On January 26, 2017, at docket number CP-63-CR-0002412-2016 [(hereafter "case 2412-2016"),] … Appellant … pleaded guilty to one count of Retail Theft, graded as a Felony 3, [in exchange for a sentence of] twenty-three (23) months of county intermediate punishment, with the first six (6) months on electronic home monitoring. Subsequently, on October 4, 2017, [Appellant] pleaded guilty to a new charge of Retail Theft, graded as a Felony 3, on a new case at docket number CP-63-CR-0001488-2017 [(hereinafter "case 1488-2017"),] … and also admitted to

technical and substantive violations of her intermediate punishment. On … case [2412-2016], she was resentenced to 23 months of county intermediate punishment with the first six (6) months of electronic home monitoring. On … case [1488-2017], she was sentenced to five (5) years county intermediate punishment, [which included ]participation in the Washington County Restrictive Treatment Program for the first 23 months, and … 6 months … on electronic home monitoring, running concurrent with … case [2412-2016].

On December 30, 2020, once again before the court, [Appellant] admitted to violating her intermediate punishment and was resentenced on her 2016 [and] 2017 cases … to a time of eleven and one half to twenty-three (11½ [to] 23) months in the Washington County Correctional Facility. As part of her sentencing, the court placed in the sentencing order that she was to be evaluated by the Washington Drug and Alcohol Commission and that she was to be paroled to a treatment center as recommended by the Commission. In addition to her resentencing on her 2016 and 2017 cases, Jackson also pleaded guilty to a new charge of Possession of Drug Paraphernalia at docket number CP-63-CR-0002090-2020 [(hereinafter "case 2090-2020"),] … and was sentenced to twelve (12) months['] probation to run consecutively to her other two cases.

Again, on May 12, 2022, [Appellant] was in front of the court … for a hearing concerning another violation, this time of her parole sentence. On that date, her parole was revoked, and she was remanded to the Washington County Correctional Facility to the balance of her remaining sentence on the 2016 and 2017 cases and was given credit for time served of 313 days, both of which were noted in the sentencing order. (*See* Sentencing Order of May 12, 2022). The court took no action on the 2020 case.

[Appellant] did not file a direct appeal of her sentence, which became final on June 12, 2022.

* * *

On May 12, 2023, [Appellant] filed a *pro se* petition [in each case] under the [PCRA] titled "(Non-Capital) Petition for Post Conviction Relief." On May 19, 2023[,] the PCRA court appointed Corrie Woods, Esq.[,] as counsel for [Appellant]. After reviewing the record, on June 26, 2023, Attorney Woods filed a motion titled

"Appointed Counsel's Motion to Withdraw" with an attached *Turner/Finley* letter.[4] In the letter, Attorney Woods detailed the procedural history of [Appellant's] cases and wrote that, while [her] claim does have merit [regarding cases 2412-2016 and 1488-2017], she was unable to seek relief. Counsel stated that [Appellant] wanted credit for time spent in inpatient treatment, but that as of June 3, 2023, the sentences on the 2016 and 2017 cases [had] expired, and therefore any credit that she would be seeking now would be useless as those sentences have [been] completed. Furthermore, [c]ounsel wrote that [Appellant] could not apply any credit to her remaining 2020 case [as] it would not be time served as a result of those charges, and cited the statute for applying credit, 42 Pa.C.S. § 9760. Lastly, even if that time could be applied to her 2020 case, [c]ounsel wrote that [Appellant's] motion is untimely, as her 2020 sentence was imposed on December 30, 2020[,] and where she did not appeal the sentence, her sentence became final on January 31, 2021[,] … making the deadline to file a PCRA [petition ]on the 2020 case … January 31, 2022. Thus, [Appellant] would need to plead and prove an exception to the timing requirements for the court to have jurisdiction to hear her PCRA[ petition], which, [c]ounsel wrote, no exception existed. As a result, [c]ounsel requested to withdraw from the case. On July 17, 2023, the PCRA court granted [c]ounsel's motion to withdraw.

> [4] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

On August 17, 2023, [Appellant] refiled her *pro se* PCRA petition [in each case]. On September 8, 2023, the PCRA court entered an order [at each docket number] denying [Appellant's] *pro se* PCRA petition[s] without a hearing. Furthermore, the PCRA court determined that the petition[s were] patently frivolous. On October 4, 2023, [Appellant] filed a [*pro se*] Notice of Appeal [from the orders denying] her … PCRA petition[s].[1] The PCRA

---

[1] Appellant filed a single notice of appeal listing all three trial court docket numbers, implicating ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), wherein the Supreme Court of Pennsylvania held that appellants are required to file separate notices of appeal when a single order resolves issues arising on more than one trial court docket. While a ***Walker*** violation may result in

*(Footnote Continued Next Page)*

court did not ask for a Statement of Errors Complained of on Appeal from [Appellant] pursuant to Pa.R.A.P. 1925(b)[,] and issued a statement in lieu of an opinion pursuant to Pa.R.A.P. 1925(a), adopting the reasoning of Attorney Woods in his *Turner/Finley* letter that [Appellant] could not succeed on her appeal.

Commonwealth's Brief at 4-8 (some footnotes omitted).

Herein, Appellant presents three issues for our review:

A. Was the decision of the … [PCRA] court to deny … Appellant credit against her sentence for a period from January 29, 2021[,] until May 24, 2021[,] during which she was a participant at a court[-]ordered inpatient treatment facility, in error?

B. Does the failure of the [PCRA] court to recognize the credit Senior Judge Katherine Emery raised and granted of this time spent at an inpatient treatment facility by … Appellant render … Appellant's current sentence and detention illegal and, therefore, [constitute] a non-waivable issue?

C. Does the … [PCRA] court retain the jurisdiction to correct its error in failing to credit this 116 day period of court[-]ordered treatment against … Appellant's sentence[,] which subsequently [a]ffected Appellants [*sic*] current probationary sentence?

_____

the quashal of an appeal, there are exceptions to the rule, including that created in *Commonwealth v. Stansbury*, 219 A.3d 157 (Pa. Super. 2019), where this Court concluded that a breakdown occurs when a court misadvises appellants of their appeal rights by advising them that they can pursue appellate review by filing a single notice of appeal, even though the court is addressing cases at multiple docket numbers. *Id.* at 160. *See also* *Commonwealth v. Larkin*, 235 A.3d 350, 352-54 (Pa. Super. 2020) (*en banc*) (reaffirming *Stansbury*). Here, the PCRA court listed all three trial court docket numbers in the caption of the final order and advised Appellant that "*an appeal* must be filed within (30) days of the date of this order." Order, 9/8/23, at 1 (single page; emphasis added). Thus, we conclude that the trial court's use of the singular language in advising Appellant of her appeal rights constituted a breakdown pursuant to *Stansbury* and *Larkin* and, accordingly, we allow the instant appeal to proceed.

Appellant's Brief at 4 (unnecessary capitalization omitted).

Before addressing Appellant's claims that the PCRA court erred by not affording her the requested relief of time-credit for days she spent in inpatient treatment, we must assess whether she is even eligible for post-conviction relief. The PCRA states, in pertinent part:

> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
> >
> > > (i) ***currently serving a sentence of imprisonment, probation or parole for the crime;***
> > >
> > > (ii) awaiting execution of a sentence of death for the crime;
> > >
> > > (iii) serving a sentence which must expire before the person may commence serving the disputed sentence; or
> > >
> > > (iv) has completed a sentence of imprisonment, probation or parole for the crime and is seeking relief based upon DNA evidence obtained under section 9543.1(d) (relating to postconviction DNA testing).

42 Pa.C.S. § 9543(a)(1) (emphasis added).

Here, according to the "Sentence Expiration Recomputation Due to Parole/Probation Revocation" document that Appellant attached as Exhibit H to her *pro se* PCRA petition filed on May 12, 2023, her sentences in cases 2412-2016 and 1488-2017 expired on June 3, 2023, and her sentence of one-year probation in case 2090-2020 expired on June 3, 2024. ***See*** *Pro Se* PCRA

Petition, 5/12/23, at Exhibit H. The Commonwealth also confirms that Appellant's sentences in these cases expired on the dates set forth above. *See* Commonwealth's Brief at 12-14. Appellant does not address, in her brief to this Court, how or why she is eligible for relief under the PCRA, where each of her three sentences have now expired. Unfortunately for her, the plain language of the statute demonstrates that she is not eligible for relief. Accordingly, we affirm the orders denying Appellant's petitions filed in each of her three separate cases.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/8/2024